*MILLER* vs. *REYNOLDS & AL.*

EasternDis'ct
*April*, 1827.

APPEAL from the parish court of the parish of New Orleans.

PORTER, J. delivered the opinion of the court. The plaintiff furnished materials to Reynolds for building, who used them in the erection of a house for Bermudez. Reynolds having failed to pay for them, the suit was brought to have judgment against him, and to obtain an order of seizure of any money that might be due to him by Bermudez. The latter contested the action, and obtained judgment in his favour in the court of the first instance. The plaintiff appealed.

The payment of the amount due by the appellee to the undertaker of the building is proved, but the plaintiff contends these payments were made in anticipation, and therefore void against the furnisher of the materials.

It is true the 2,744 and 2,745th articles of the new code declare, that persons furnishing materials for buildings, may cause the monies due to the undertaker by the owner to be seized; and that the payment which the proprietor may have made *in anticipation* to the undertaker, are considered with regard to

Laws are never presumed to have a retrospective operation.

Notes taken up with the endorser's name in them are *prima facie* evidence of payment by the maker.

workmen, and those who furnish materials, as not having been made.

But this contract was entered into before the enactment of these provisions in our code, and it is the opinion of this court, that the rights of the parties must be governed by the law in force at the time the agreement was made. It is a sound rule of construction, never to extend laws to contracts made before their passage, unless the will of the legislature, that they should be so extended, is clearly and explicitly declared. In the present case, the undertaker, at the time he bargained for the building of the house with the defendant, had a right to get his money paid to him at any period before the credit which he gave expired, if the latter chose. Admitting that a subsequent law might vary the right, which we doubt, we are clear it cannot, unless the statute expressly directed that its enactment should apply to agreements made previous to its passage. See the case of *White & al.* vs. *Brown & al.* 3 *N. S.* 17.

This opinion renders it unnecessary to examine the bill of exceptions, taken to the introduction of the original contract by the defendant, to shew that the plaintiff was surety for

Reynolds in the contract for building the house.

And, as to that which excepts to the opinion of the judge, that the notes given by the defendant to Reynolds, with proof of his endorsement on them, were evidence of payment by the maker, we think it untenable. They were *prima facie* evidence of that fact.— *Starkie on Evidence,* p. 4, 1089. 9 *Sergeant & Rawle,* 386.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be affirmed with costs.

*Lockett* for the plaintiff, *Seghers* for the defendants.